**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4129

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER JEFFREY JONES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Matthew James Maddox, District Judge.  (1:21-cr-00120-MJM-2)

Submitted:  June 18, 2026                                    Decided:  June 23, 2026

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brent E. Newton, Gaithersburg, Maryland, for Appellant.  Kelly O. Hayes, United States Attorney, David C. Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Jeffrey Jones appeals his sentence, arguing only that the district court committed a *Rogers*[*] error by imposing materially inconsistent conditions of supervised release. Because Jones's argument is foreclosed by our recent decision in *United States v. Aborisade*, 163 F.4th 856 (4th Cir. 2026), we affirm.

"A *Rogers* error arises where a district court fails to orally pronounce discretionary conditions of supervised release yet later such conditions appear in the written judgement." *Id.* at 866. "A discretionary condition constitutes a *Rogers* error only when a material discrepancy appears between the written judgment and oral pronouncement of that condition." *Id.* In considering a claim of *Rogers* error, "we review the consistency of the oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *Id.* at 865 (citation modified).

At sentencing, the district court incorporated by reference the 13 standard conditions of supervised release listed in the District of Maryland's Standing Order 2020-13. As reflected in Jones's written judgment, the first such condition required him to "report to the probation office in the federal judicial district where [he was] *authorized to reside* within 72 hours of [his] release from imprisonment . . . ." (Emphasis added). However, the written judgment also contained a freestanding condition—one that was not part of the standing order—requiring Jones to "report to the probation office in the district to which

---

[*] *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).

2

[he was] *released* within 72 hours of release from the custody of the Bureau of Prisons." (Emphasis added). Jones contends that the "authorized to reside" condition is materially inconsistent with the "released" condition.

This appeal is on all fours with *Aborisade*, which dealt with the same standing order, the same freestanding condition, and the same alleged inconsistency between "authorized to reside" and "released." In that case, we held that the two conditions were consistent because, "[u]nder current Federal Bureau of Prisons policy, inmates are ultimately *released* into the community where they are *authorized to reside*, making these conditions functionally the same." *Aborisade*, 163 F.4th at 867. We concluded that, since "'the district to which a defendant is released' does not outline an additional obligation beyond the condition agreed to, it does not impose a new condition and is not *Rogers* error." *Id.* at 868 (some internal quotation marks omitted). The same reasoning applies here.

Accordingly, we affirm Jones's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3